**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LUIS ALFREDO ULLOA YAGUAL,<br><br>Petitioner,<br><br>v.<br><br>FERETI SEMAIA, et al.,<br><br>Respondents. | Case No. 2:26-cv-04165-SP<br><br>**MEMORANDUM OPINION AND ORDER** |

**I.**

**INTRODUCTION**

On April 18, 2026, petitioner Luis Alfredo Ulloa Yagual, a federal immigration detainee, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Petition" or "Pet."). Docket no. 1. Petitioner is being held at the U.S. Immigration and Customs Enforcement ("ICE") Processing Center in Adelanto, California ("Adelanto"). Petitioner contends his detention violates the Immigration and Nationality Act ("INA"), the Administrative Procedure Act ("APA"), and his right to due process under the Fifth Amendment. Petitioner seeks immediate release from immigration custody or, in the alternative, a bond hearing, as well as declaratory relief.

1

On April 27, 2026, respondents filed a Response supported by the declaration of Henry Cervantes ("Cervantes Decl."). Docket nos. 8-9.[1] Petitioner filed a Reply on April 30, 2026. Docket no. 10.

The court ordered the parties to supplement the record. Docket no. 11. On May 13, 2026, respondents filed their supplemental response ("R. Supp.") supported by an exhibit. Docket no. 13. Petitioner filed a supplemental response on May 17, 2026. ("P. Supp."). Docket no. 15.

For the reasons discussed below, the court denies the Petition.

## II.

## <u>BACKGROUND</u>

Petitioner is a native and citizen of Ecuador. Pet. ¶ 1.[2] Petitioner entered the United States without inspection in October 2023 and appears to have been apprehended at the border. *Id*. ¶ 30, Ex. A; Cervantes Decl. ¶ 5. Petitioner was placed into removal proceedings on November 3, 2023. Pet., Ex. A. On February 22, 2024, the immigration judge closed the case due to a failure to prosecute and petitioner appears to have then been released from custody on parole. *Id*.

After his initial release from immigration custody, petitioner lived in Los Angeles, California. *Id*. ¶¶ 4, 32. Petitioner owns a small business. *Id*. ¶ 32.

On April 1, 2026, petitioner was arrested for burglary (Cal. Penal Code § 459) in Pasadena, California and transferred to the Monrovia Police Department ("PD") Jail for booking. R. Supp., Ex. 1. Petitioner was released the same day with a Monrovia PD citation to appear at Los Angeles County Superior Court in Pasadena, California on May

---

[1]    Respondents filed the Response twice.

[2]    The Petition is signed only by petitioner's counsel and it is not verified by petitioner. The court therefore accepts the facts alleged in the Petition: (1) for the purposes of Part II of this opinion if uncontested; (2) if supported by documents submitted by petitioner as part of the Petition; or (3) if the information could be within counsel's personal knowledge. Petitioner states all references to April 10, 2026 in the Petition were typographical errors and the correct date is April 1, 2026. Reply ¶ 5.

29, 2026.  *Id*.   ICE agents detained petitioner upon his release from Monrovia PD jail. Cervantes Decl. ¶ 7.  The ICE agents did not have warrant for petitioner's arrest.  Pet. ¶ 39.

**III.**

**DISCUSSION**

Petitioner raises three grounds for relief, his detention violates: (1) 8 U.S.C. § 1226(a); (2) the APA; and (3) his Fifth Amendment right to due process.  Pet. ¶¶ 53-71. Petitioner also asserts he is a member of the Bond Eligible Class certified in *Bautista v. Santacruz*, 813 F. Supp. 3d 1084 (C.D. Cal. 2025), *judgment entered sub nom. Maldonado Bautista v. Noem*, 2025 WL 3678485 (C.D. Cal. Dec. 18, 2025).  *Id*. ¶ 16. Respondents contend petitioner is subject to mandatory detention pursuant to 8 U.S.C. § 1226(c).  Response at 2-3.

**A.**    **This Court Has Jurisdiction Over the Claims in the Petition**

A federal district court may issue a writ of habeas corpus when a petitioner demonstrates he is "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).  "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and [] the traditional function of the writ is to secure release from illegal custody."  *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).   Here, petitioner argues he should be released from respondents' custody because his re-detention following his initial release violates the INA, APA, and Due Process Clause of the Fifth Amendment.  *See* Pet. ¶¶ 53-71.  He has therefore properly invoked this court's habeas jurisdiction.

The INA contains several provisions that limit judicial review of immigration-related matters, including most notably 8 U.S.C. §§ 1252(a)(5), 1252(b)(9), and 1252(g). While § 1252(g) strips the court of jurisdiction to hear any claim "arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders," the Supreme Court has clarified that the language of § 1252(g) does not "sweep in any claim that can technically be said to 'arise from' the

3

three listed actions," but instead refers "to just those three specific actions themselves." *Jennings v. Rodriguez*, 583 U.S. 281, 294 (2018) (citation omitted).  The applicability of § 1252(b)(9), which works in conjunction with § 1252(a)(5) to channel certain immigration-related matters to the Courts of Appeals, has been limited in similar fashion. *See Dep't of Homeland Sec. v. Regents of the Univ. of California*, 591 U.S. 1, 19 (2020) (citation omitted); *see also Gonzalez v. U.S. Immigr. & Customs Enf't*, 975 F.3d 788, 810-11 (9th Cir. 2020) ("Section 1252(b)(9) is also not a bar to jurisdiction . . . because claims challenging the legality of detention . . . are independent of the removal process.") (citations omitted).  Because petitioner is challenging his detention rather than any of the three actions listed above, 8 U.S.C. §§ 1252(a)(5), 1252(b)(9), and 1252(g) do not strip this court of jurisdiction.

**B.      Petitioner Is Detained Pursuant to § 1226(c)**

Petitioner contends that as a member of the Bond Eligible Class, he is detained pursuant to § 1226(a) and is therefore entitled to an individualized bond redetermination hearing.[3] *See* Pet. ¶¶ 16, 53-57; P. Supp. ¶¶ 16-17.  Respondents assert petitioner is subject to mandatory detention under § 1226(c).  Response at 2-3; R. Supp. at 1-2.

Section 1226 "authorizes the Government to detain certain aliens already in the country pending the outcome of removal proceedings." *Jennings*, 583 U.S. at 289. Section 1226(a) provides for discretionary detention and thus an individualized bond hearing.  8 U.S.C. § 1226(a); *see Castellanos v. Noem*, 2026 WL 136208, at *2 (C.D. Cal. Jan. 14, 2026).  Section § 1226(c), on the other hand, provides for mandatory detention for certain noncitizens.  8 U.S.C. § 1226(c).  Prior to its January 2025 amendment, § 1226(c) mandated detention for noncitizens who had been convicted of certain

---

[3]      The Bond Eligible Class certified in *Bautista* is defined to include: "All noncitizens in the United States without lawful status who (1) have entered or will enter the United States without inspection; (2) were not or will not be apprehended upon arrival; and (3) are not or will not be subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time the Department of Homeland Security makes an initial custody determination." *Bautista*, 813 F. Supp. 3d at 1127.

enumerated offenses, sentenced to at least one year in prison for certain enumerated offenses, or who had engaged in terrorist activities. *See* 8 U.S.C. § 1226(c)(1)(A)-(D). In January 2025, the Laken Riley Act added a new subparagraph to § 1226(c), requiring mandatory detention for a noncitizen who: (1) is inadmissible under 8 U.S.C. § 1182(a)(6)(A), 6(C), or (7); and (2) "is charged with, is arrested for, is convicted of, admits having committed, or admits committing acts which constitute the essential elements of any burglary, theft, larceny, shoplifting, or assault of a law enforcement officer offense, or any crime that results in death or serious bodily injury to another person." *See* 8 U.S.C. § 1226(c)(1)(E)(i)-(ii).

On its face, the Laken Riley Act applies to petitioner. First, petitioner does not dispute respondent's contention that he is inadmissible pursuant to §§ 1182(a)(6)(A)(i) and (a)(7)(A)(i)(I), because he was not admitted after inspection by an immigration officer, and also because he is without a valid immigrant visa. *See* Response at 3; Cervantes Decl. ¶ 5. Second, petitioner was arrested for burglary in violation of California Penal Code § 459 on April 1, 2026. R. Supp., Ex. 1. Thus, petitioner is subject to mandatory detention pursuant to § 1226(c)(1)(E).[4]

---

[4] The court notes that while petitioner challenges the applicability of the Laken Riley Act, he does not do so on due process grounds. Petitioner initially challenged the applicability of the Laken Riley Act on the ground that respondents failed to provide evidence of an arrest. Reply ¶¶ 12-15. Once respondent provided evidence of the arrest, petitioner then argued he was not subject to mandatory detention because § 1226(c) requires a conviction. P. Supp. ¶¶ 5-11. Notwithstanding the fact that this argument is inconsistent with petitioner's assertion in the Petition (Pet. ¶ 44), it is incorrect. In citing to the statute, petitioner omits the amended subsection added by the Laken Riley Act – § 1226(c)(1)(E). *See* P. Supp. ¶ 5. Because petitioner fails to raise a due process argument that he is entitled to a bond hearing despite his mandatory detention, the court will not address that here.

The court further notes that the record indicates petitioner was to appear at the Los Angeles County Superior Court in Pasadena, California on May 29, 2026, presumably to answer any charges stemming from the April 1 arrest. If no charges were filed and the case dismissed, then petitioner may have an argument that the Laken Riley Act, as applied to him, violates his due process rights. *See Lnu v. Chestnut*, 2026 WL 395882, at

**C.      Petitioner's Remaining Claims**

Petitioner also argues that respondents have violated his rights to due process under the Fifth Amendment and the APA.  Both claims are premised on petitioner's argument that he is detained under § 1226(a).  Because the court has already concluded petitioner is subject to mandatory detention under § 1226(c), it need not address petitioner's remaining claims.

**IV.**

**ORDER**

IT IS THEREFORE ORDERED that Judgment will be entered denying the Petition.

DATED: June 26, 2026

_____
SHERI PYM
United States Magistrate Judge

---

*4 (E.D. Cal. Feb. 12, 2026) ("Courts have found serious questions going to the merits as to the application of the Laken Riley Act where noncitizens were arrested but prosecutors ultimately declined to file charges and closed the case."); *Singh v. Chestnut*, 2026 WL 266021, at *2 (E.D. Cal. Feb. 2, 2026) (mandatory detention because of a mere arrest for which prosecutor decided not to press charges raises serious due process concerns); *see also Doe v. Moniz*, 800 F. Supp. 3d 203, 216 (D. Mass. 2025) (applying *Mathews* factors and finding that the risk of erroneous deprivation is high because petitioner's detention is based on an arrest for which no charges have been filed and the arrest for shoplifting bears no relationship to dangerousness or flight risk).  But no such argument or showing of dismissed charges has been made here.

6
